## GENERAL COURT, OCTOBER TERM, 1802.

### BEALL's Lessee *vs.* BEALL.

Relation of a grant to the certificate of survey, so as to overreach a prior grant for the same land, refused, the certificate not having been returned, nor the composition paid within the time limited by the rules of the land office

EJECTMENT for a tract of land called *Greenland,* lying in Prince George's county. The defendant took defence on the plots for a tract of land called *Chance Enlarged.*

Plaintiff's title. *James Beall,* the lessor of the plaintiff, on the second of April 1766, obtained a warrant of resurvey upon a tract of land called *Bear Garden Enlarged,* otherwise called *Adventure,* which not being executed, was renewed on

the 29th of September 1766, and on the 28th of March 1767, a certificate was returned; on the 5th of October 1768, the composition money was paid, and a patent issued for the said land called *Greenland* on the 29th September 1768, to the said *James Beall.*

Defendant's title. *John Beall* of *Robert,* under whom the defendant claimed, on the 12th of March 1766, obtained a warrant of resurvey upon a tract of land called *Chance.* The warrant not being executed, was renewed on the 11th September 1766, and again renewed on the 2d March 1767. *John Beall,* of *Robert,* dying, the warrant was renewed on the 20th of April 1767, in the name of *Shadrach Beall* son of *John.* On the 19th December 1767, a certificate was returned for *Chance Enlarged.* On the 2d of April 1768, the composition money was paid, and a patent issued the 12th July 1768, to the said *Shadrach Beall.*

The question in this case was, which patent had the preference? Which was argued by

*Mason,* for the Plaintiff, and by

*Shaaff,* for the Defendant.

The following opinion was given, upon a statement of the case, by *Thomas Johnson,* Esquire, on the 13th of November 1772, when an attorney of the provincial court, viz.

"I am of opinion, that the patent of *Shadrach Beall,* being elder than that of *James Beall,* and *Shadrach* having compounded and paid before *James,* notwithstanding *James'* certificate is elder than *Shadrach's,* (*James* not having compounded within the two years from the date of his warrant,) will, so far as the lines of these patents may interfere, be preferred. The principal reason, as I apprehend, why a title under a patent is carried back and relates to the date of the certificate on which the patent is grounded, is because the different steps to obtain the grant, and the grant itself, is looked on, and considered as one conveyance, and after the contract made with the proprietor is ascertained and fixed as to the particular land contracted for, by the survey, it is the duty

Oct. 1802

Beall
vs
Beall

of the officers to make the title complete by issuing the grant if the money has been paid. The first case where the relationship was established, I have understood, was on a common warrant patent, where the consideration money was paid before the warrant was obtained; and I think the same reasoning would apply equally, where the composition money was paid within the two years from the date of the warrant, on a certificate of resurvey. If the money is not paid within the two years, the proprietor may rightfully contract for the land again, and so far as relates to himself he may or may not waive that right as he pleases; but after he has sold and granted the land to another, it seems to me that he cannot grant on the first certificate, and thereby establish a fiction, the relation to a broken contract, and defeat the title of another person; and this difference I think was determined on in the case of *Hath's Lessee against Polk*, in the provincial court, a year or two ago"*(a)*.

CHASE, Ch. J.  The court are of opinion in this case, that the patent to *James Beall* cannot relate to the certificate so as to overreach the prior grant to *Shadrach Beall*, son of *John*.  Relation is a fiction of law, grounded on a principle of equity—and in this case the equitable interest of *James Beall* ceased and was extinct after the 2d of April 1768, he not having returned his certificate, nor paid the composition money within the time limited by the rules of the land office, being within two years from the date of the warrant; and after that time the proprietary was at liberty to grant the land to any applicant; and *Shadrach Beall* fairly and honestly acquired a legal title to the land in question, by his grant on the 12th of July 1768, which is prior to the grant of *James Beall*, the lessor of the plaintiff.

THE PLAINTIFF NONSUITED.

(a)  See 1 *Harr. & M'Hen.* 363.